[Crim. No. 1411. First Appellate District, Division One.—January 19, 1928.]

THE PEOPLE, Respondent, v. GERARD DEL CORRO, Appellant.

Gerard Del Corro, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by information with the violation of section 476 of the Penal Code in having wilfully, unlawfully, and feloniously issued to one Ada Wetther a check drawn on the Bank of Italy in favor of one J. Severo and signed D. V. Higgins. That the check was issued with intent to defraud. It is charged that in truth and in fact there was and is no such person as D. V. Higgins, which fact appellant knew and that the check was fictitious. The matter came on for trial May 6, 1927, at which time appellant appeared without counsel and insisted upon conducting his own defense. He was found guilty and sentenced to imprisonment in the state prison at Folsom. He has appealed from the judgment and from an order denying him a new trial. As grounds for reversal it is claimed that the superior court had no jurisdiction over his person or to try the cause or to determine the same. It is also claimed that the trial court misdirected the jury in matters of law, and erred in the decision of various ques-

tions relating to the admission and rejection of evidence. Misconduct is also alleged. Appellant has sent us a communication from the place of his incarceration expressing the wish that we dismiss his appeal and affirm the judgment for the reason that he has no funds to employ counsel to represent him. Under these circumstances we have deemed it our duty to carefully examine the record to ascertain if there is any merit in the appeal. The evidence discloses that defendant had been in the employ of the Postal Telegraph Company. On February 19, 1927, he called at one of the branch offices of the company and presented the check in question which he indorsed as J. Severo, and asked that it be cashed. The cashier knew him as an employee of the company, but did not know his true name. The check called for the sum of $175.37 and there were insufficient funds in the office at that time to cover the amount. Upon ascertaining this fact, defendant placed the check in his pocket and left the premises. The following Monday he again appeared and again presented the check for payment. The lady cashier thereupon paid him the amount the check called for. After he had left the cashier was advised by an assistant that the check was signed by defendant as "J. Severo" and that his true name was Del Corro. The cashier then telephoned to the bank and later presented the check to it and ascertained that it had at no time such account. The cashier then refunded to her company the amount of the check. The prosecution then proved by other witnesses that defendant was the person who presented, indorsed and cashed the check and that there was no account in the bank upon which the check was drawn either in the name of Higgins, Del Corro, or Severo. No testimony was offered on behalf of defendant. ■ The record shows that defendant was fairly tried and convicted, and there is nothing therein contained which in any manner supports his contentions. There is no merit in the appeal. The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.